**William David TINNEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 56459.**

Court of Criminal Appeals of Texas, Panel No. 2.

March 14, 1979.

Paul J. Chitwood, Dallas, for appellant.

Henry M. Wade, Dist. Atty., Steve Wilensky and Les S. Eubanks, Jr., Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, ROBERTS and ODOM, JJ.

## OPINION

ODOM. Judge.

This is an appeal from a conviction for burglary wherein punishment was enhanced by two prior felony convictions and assessed at life imprisonment. The sufficiency of the evidence is not challenged but appellant asserts error was committed during the punishment phase with regard to the enhancement provisions.

This case was tried before a jury. Appellant did not make an election to have the jury assess punishment. At the end of the guilt phase of the trial, Tinney was convicted. The trial judge thereupon dismissed the jury over appellant's objections. The judge then found true the allegations in the indictment that appellant had been twice previously convicted of a felony and assessed punishment at life in accordance with the provisions of Art. 12.42(d), Penal Code.

Appellant complains that the trial court exceeded its authority by finding true the prior conviction allegations in the indictment. He contends that these were fact questions and, as such, should have been determined by the jury. The contention is not well taken. There is no constitutional right to have the jury assess punishment. *Allen v. State,* Tex.Cr.App., 552 S.W.2d 843; *Jones v. State,* Tex.Cr.App., 502 S.W.2d 771; *Hill v. State,* Tex.Cr.App., 493 S.W.2d 847. It is possible, however, to have the jury do so if the provisions of Art. 37.07, Section 2(b), V.A.C.C.P. are adhered to. That article requires a defendant to make a written election when he enters his plea if he wishes the jury to determine punishment. Absent such an election, the judge automatically assesses punishment.

Appellant relies particularly upon Art. 36.13, V.A.C.C.P., which provides:

"Unless otherwise provided in this Code, the jury is the exclusive judge of the facts, but it is bound to receive the law from the court and be governed thereby."

The State in turn cites Art. 37.07, V.A.C.C.P., which provides in part:

"Sec. 2. (a) . . .

"(b) Except as provided in Article 37.071, if a finding of guilty is returned, it shall be the responsibility of the judge to assess the punishment applicable to the offense; provided, however, that (1) in any criminal action where the jury may recommend probation and the defendant filed his sworn motion for probation before the trial began, and (2) in other cases where the defendant so elects in writing at the time he enters his plea in open court, the punishment shall be assessed by the same jury."

The truth or untruth of the allegations in an habitual offender indictment pertaining to prior convictions is clearly a matter to be taken up in the punishment

phase of the bifurcated trial utilized in this state. Appellant's failure to make the election for jury assessment of punishment left all questions to be considered in the punishment phase up to the trial judge and waived his right for a jury determination of the allegations of prior convictions.

Appellant next alleges error was committed when the trial court admitted into evidence pen packets containing copies of indictments, judgments, and sentences pertaining to his prior convictions. He states there is a fatal variance between the indictments and the final judgments. In cause no. D–4822–IJ his complaint is that the indictment states that the case is in Criminal District Court No. 2 while the conviction, as evidenced by the judgment and sentence, was obtained in Criminal District Court No. 3. Appellant asserts that the variance is fatal because there is no order showing that the case was transferred from Court No. 2 to Court No. 3 and alleges that without such an order there is nothing to show Court No. 3 had jurisdiction over the case. He contends that since there was no showing of jurisdiction in the trying court the conviction cannot be used against him for enhancement purposes. A similar claim is made for cause no. C–71–1769 NK, the other prior conviction used.

Article 12.42(d) Penal Code, requires that before a life sentence can be imposed on a defendant as an habitual offender, it must be shown that he has been twice previously convicted of felony offenses and that the second previous offense occurred subsequent to the conviction for the first offense becoming final. The state can carry its burden by introducing copies of the judgment and sentence in each of the felonies used for enhancement and connecting them with the defendant. In this case the judgments and sentences were properly certified and appellant was identified with them by fingerprint evidence. They were in all respects in conformity with the enhancement allegations in the indictment. Once the state made a prima facie case, the burden shifted to appellant. Cf. *Lewis v. State,* Tex.Cr.App., 501 S.W.2d 88. The evidence was sufficient to find appellant had been convicted twice before of felonies.

The judgment is affirmed.