Otha C. WASHINGTON, Appellant,

v.

STATE of Texas, Appellee.

No. 2337cr.

13–81–327–CR.

Court of Appeals of Texas,
Corpus Christi.

Aug. 26, 1982.

Larry D. Dowell, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before BISSETT, UTTER and KENNEDY, JJ.

OPINION

KENNEDY, Justice.

Appeal is taken from conviction for delivery of a controlled substance for which punishment, enhanced by two prior felony convictions, was assessed at life imprisonment. The sufficiency of the evidence to support the conviction is not questioned. We reverse.

Appellant entered a plea of not guilty to the offense charged. At that time he opted in writing to have his punishment assessed by the jury in the event a verdict of guilty was returned. Tex.Code Crim.Pro.Ann. Art. 37.07, Sec. 2(b)(2) (Vernon's 1981). No plea was entered to the enhancement allegations.

Appellant testified in his own behalf. On cross-examination he admitted to having been convicted of the felony offense of

shoplifting in August, 1969; to having committed the felony offense of possession of heroin after the shoplifting conviction became final; and to having been convicted for possession of heroin before the alleged commission of the offense charged in the instant case. These convictions to which he admitted were those alleged in the enhancement portion of the indictment.

■ Appellant contends in his fifth ground of error that his admissions are insufficient to prove beyond a reasonable doubt that he had been convicted of the two prior offenses referred to in the enhancement allegations. This contention is without merit. See *Roper v. State,* 558 S.W.2d 482, 483 (Tex.Cr.App.1977).

In his first four grounds of error appellant complains of the action of the trial court, over his objection, of dismissing the jury after the guilty verdict was returned, and assessing punishment from the bench. It was not the act of assessing punishment to which appellant objected, but rather the trial court's refusal to submit to the jury an issue regarding his two prior convictions.

■ Where a defendant chooses to have punishment assessed by the jury, a question of fact exists as to the truth or untruth of the allegations pertaining to prior convictions in a habitual offender indictment. See *Tinney v. State,* 578 S.W.2d 137, 138–39 (Tex.Cr.App.1979). However, there are instances in which there is no need to submit such an issue to the jury. See, e.g., *Tinney,* supra (where the accused failed to properly make the election for jury assessment of punishment); *Howell v. State,* 563 S.W.2d 933, 936 (Tex.Cr.App.1978) (where the accused pled true to the enhancement allegations). None of these cases are factually on all fours with the one at bar.

■ We are of the opinion that the trial court erred in withdrawing the question concerning appellant's prior convictions from the jury. Even though he had admitted to them from the witness stand, a ques-

tion of fact still existed. We draw the analogy to a defendant who pleads not guilty to the charge, and then admits to its commission during the course of the trial. Having opted for a jury trial, that defendant would still be entitled to have the question of his guilt or innocence determined by that jury.

Nor are we prepared to construe appellant's failure to enter a plea to the enhancement allegations as a plea of true. There is nothing in the record to show that he was ever given an opportunity to enter a plea following the return of the guilty verdict.

Had the issue been submitted to the jury, they could conceivably (at least theoretically) have refused to believe appellant and resolved the issue in his favor. Under these circumstances, requiring the trial court to do so is not requiring the doing of a useless thing. Cf. *Allen v. State,* 552 S.W.2d 843, 846 (Tex.Cr.App.1977). In dismissing the jury prematurely, the trial court deprived appellant of a valuable statutory right. Appellant's grounds of error numbers one through four are sustained.

In his Supplemental Pro Se Brief appellant asserts error in the trial court's denial of his motion to quash the indictment. Appellant contends that the indictment was defective in that it did not specify the means by which the alleged delivery was accomplished.[1]

■ Defects in an indictment which are not jurisdictional (i.e., those which render the instrument insufficient in that it fails to allege the constituent elements of the offense) may not be raised for the first time on appeal. *Brem v. State,* 571 S.W.2d 314, 317 (Tex.Cr.App.1978); *Livingston v. State,* 542 S.W.2d 655, 657 (Tex.Cr.App. 1976), *cert. denied* 431 U.S. 933, 97 S.Ct. 2642, 53 L.Ed.2d 250 (1977). The flaw to which appellant refers is not such a jurisdictional defect, and needs to have been adequately raised in the trial court. See *Garza*

---

**1.** "Delivery" means "the *actual* or *constructive* transfer from one person to another of a controlled substance ... [and] includes an *offer to* *sell* a controlled substance." Tex.Rev.Civ.Stat. Ann. Art. 4476–15, § 1.02(8). (emphasis supplied).

*v. State,* 622 S.W.2d 85, 89 (Tex.Cr.App. 1981).

The portion of his motion to quash to which appellant draws this Court's attention reads:

"The indictment in the instant cause violates the substantial rights of the defendant, therein, and is contrary to the requirements of the Sixth and Fourteenth Amendments of the United States Constitution, due process and equalization clause of the Fourteenth Amendment, is thereby violated, and Article 1, Section 10, of the Texas Constitution, and laws." (sic)

This did not draw the trial court's attention to the complained of defect with sufficient specificity so that that court acted improperly in denying the motion. Appellant's supplemental ground of error presents nothing for review and is overruled.

The judgment of the trial court is REVERSED, and the cause is REMANDED.