Randy Allen CLIFTON, Appellant,

v.

The STATE of Texas, State.

No. 2–87–136–CR.

Court of Appeals of Texas,
Fort Worth.

Aug. 18, 1988.

Lollar, Phillips & Factor, P.C. and Abe Factor, Fort Worth, for appellant.

Tim Curry, Criminal Dist. Atty., and Cindy Singleton, Asst. Criminal Dist. Atty., Fort Worth, for appellee.

Before BURDOCK, JOE SPURLOCK, II and KELTNER, JJ.

## OPINION

BURDOCK, Justice.

Appellant, Randy Allen Clifton, brings this appeal from his conviction for the unauthorized use of a motor vehicle. *See*

TEX. PENAL CODE ANN. art. 31.03 (Vernon Supp.1988). The appellant was found guilty by a jury and his punishment, enhanced by two prior felony convictions, was assessed by the court at thirty-five years confinement in the Texas Department of Corrections. The appellant challenges the validity of his conviction in four points of error.

Affirmed.

On September 12, 1986, Hugh Shelton parked his blue Chevrolet Caprice at a convenience store on the corner of Lancaster and Beach streets in Fort Worth. Shelton left the car running while he was making a phone call from a booth on the outside of the store. While speaking on the phone, Shelton turned around to find that his car had disappeared. He looked for the car for a few moments and then called the police. A woman in the convenience store knew who the appellant was and had observed him taking the car. She gave a description of him to the police after they arrived.

About forty minutes after Shelton's car was stolen, Officer John Campbell of the Fort Worth Police received a dispatch to go to a certain address and see if a 1984 blue Chevrolet Caprice with Louisiana license plates was parked there. Officer Campbell was informed that the vehicle had been stolen.

Campbell arrived at the location and saw the Caprice parked there. A few minutes later, Campbell saw the appellant and another person get into the car and drive away. Campbell then stopped the car and placed the appellant under arrest.

In his first point of error, the appellant asserts that the trial court erred in denying his pretrial motion to suppress. According to the appellant, his confession and any other evidence gained as a result of his arrest should have been suppressed because the arrest was without probable cause. We find the appellant's contention to be without merit.

■ Police broadcasts that report a felony and give a description of the perpetrator or vehicle satisfy the requirements for a warrantless arrest when they are based upon probable cause. *See Brooks v. State*, 707 S.W.2d 703 (Tex.App.—Houston [1st Dist.] 1986, pet.ref'd). Where a police officer receives information from his dispatcher that a vehicle is stolen, sufficient probable cause exists to make a stop of that vehicle. *See Kelly v. State*, 721 S.W.2d 586 (Tex.App.—Houston [1st Dist.] 1986, no pet.). Here, Officer Campbell made his arrest of the appellant after a police dispatcher informed him that a certain car believed to be stolen might be found at a specific address. Thus, Officer Campbell had sufficient probable cause to stop the car and make the arrest. The appellant's first point of error is overruled.

In his second point of error, the appellant asserts that his confession should not have been admitted at his trial because it was not in compliance with the laws pertaining to written statements made by an accused. The appellant contends that he lacked sufficient intellect to understand the nature of his confession, and thus, the statement was rendered inadmissible.

Article 38.22 of the Texas Code of Criminal Procedure provides in relevant part:

Sec. 2 No written statement made by an accused as a result of custodial interrogation is admissible as evidence against him in any criminal proceeding unless it is shown on the face of the statement that:

(b) the accused, prior to and during the making of the statement, knowingly, intelligently, and voluntarily waived the rights set out in the warning prescribed by Subsection (a) of this section.

■ *See* TEX.CODE CRIM.PROC.ANN. art. 38.22(2)(b) (Vernon 1979). Clearly, it is incumbent that the accused possess a sufficient mental capacity to make a knowing and intelligent waiver of his rights before his statements may be used against him. *See Massengale v. State*, 710 S.W.2d 594, 596 (Tex.Crim.App.1986).

■ On appeal, challenges to a trial court's ruling regarding the voluntariness of a confession generally should be directed to whether the court abused its discretion in one of the findings or whether the

court properly applied the law to the facts. *Sinegal v. State*, 582 S.W.2d 135, 137 (Tex. Crim.App. [Panel Op.] 1979). In reviewing the trial court's findings, it must be remembered that at the hearing to determine the voluntariness of a confession, the trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony and as such, he may believe or disbelieve all or any part of any witness' testimony. *See Hawkins v. State*, 660 S.W.2d 65, 72 (Tex.Crim.App.1983); *English v. State*, 592 S.W.2d 949, 952 (Tex. Crim.App.1980).

■ The determination of whether a confession is voluntary under the law must be based upon an examination of the totality of the circumstances surrounding its acquisition. *See Armstrong v. State*, 718 S.W.2d 686, 693 (Tex.Crim.App.1985). Any claims concerning mental incapacity to make a knowing and intelligent waiver of rights is also a question for the trial court. *See White v. State*, 591 S.W.2d 851, 860 (Tex.Crim.App.1980).

Following the pretrial suppression hearing, the trial judge made the following findings in regard to his determination that the appellant's confession was admissible:

The Court finds that there was probable cause for the arrest of the Defendant.

[The] court finds that the Defendant was in custody and that while he was in custody, he received his *Miranda* warnings and his warning under Article 38.22 from Detective Reed and from Judge Hollifield.

The Court finds that the Defendant was advised of all of his rights as required by Article 38.22; that the Defendant understood those rights and voluntarily waived his right to remain silent and agreed to make a statement.

The Court finds that the Defendant signed the statement after Detective Reed had read the statement to him, and that the Defendant was not under any coercion nor was he under any threat.

The Court further finds that the statement was not compelled by any promise of leniency.

For those reasons, the Court will deny the Defendant's Motion to Suppress the Confession.

We will therefore review the record to determine whether the trial court had sufficient evidence before it to make its findings and thus further determine whether the court abused its discretion in holding that the statement was admissible.

Both the appellant and the interrogating officer testified at the suppression hearing. No other witnesses were called. Detective T.W. Reed was first called to the stand. He stated that he had been assigned to the auto theft division of the Fort Worth Police Department for eighteen months. On September 15, 1986, the day following the appellant's arrest, Detective Reed approached the appellant in jail and asked if he would be willing to give a statement. The appellant agreed and was escorted to Reed's desk. At this point, the appellant was read his *Miranda* rights and then signed the warning sheet in the appropriate place.

Reed testified that after a short discussion, the appellant orally confessed to stealing the car. The appellant was asked if he would be willing to put the confession in writing or on paper, and the appellant agreed. The appellant made the confession to Reed's secretary, who typed it as he spoke. Appellant then signed the statement. Reed stated that before the appellant signed the confession, he appeared to be reading it. According to Reed, the appellant held the statement "in his hands and his eyes moved across the page." After the appellant finished reading the statement, he was asked if it was true and correct, to which he replied in the affirmative. Reed asserted that it was at this time that the appellant signed the statement. Reed further testified that before the statement was made, the appellant answered affirmatively when asked if he could read the English language.

The appellant was next called to the stand. He stated that he was twenty-two years old and had gone as far as the eighth grade before dropping out of school. The appellant testified that he was in special education classes while in school and that

he could not read or write. The appellant was handed a copy of his statement and asked to read from it. He purportedly could only read the first line, which contained his name, age and address.

The appellant further stated that Detective Reed had read the statement back to him after he had signed it. When portions of the confession were read to him while he was on the stand, the appellant disagreed with some of the factual statements contained therein. The appellant disavowed the portion of the confession where he claimed to have completed the tenth grade, asserting that he had only advanced to the eighth grade before quitting school. The appellant also disagreed with the wording of the confession. He admitted going through the inside of the car looking for valuables, but denied using the term "searched" to describe his actions.

During the cross-examination of the appellant, he was asked several times whether he had been advised about his rights against self-incrimination. The appellant stated that the arresting officer, the magistrate and Detective Reed had all given him his *Miranda* warnings and that he understood their meaning. According to the appellant, he knew he did not have to make a statement but did so regardless of that fact.

When further questioned about the contents of his statement, the appellant responded that the statement about taking the car was true, but he disagreed with the statement about the places where he drove the car after it was stolen. The prosecutor also asked about the following portion of the confession:

> Q. 'I have read the above statement and it's true and correct, to the best of my knowledge, as I have told Detective Reed. I again state that I wish to waive my right to an attorney at this time as stated in the above paragraph.'
> Any of that true?
> A. Yes, sir.
> Q. All of it?
> A. Yes, sir.
> Q. And the reason it's true is because there are—what you're telling us, there

is [sic] some problems, some variations. Like you went to the eighth grade instead of the tenth grade. The time that you picked up the car is different from what's in the statement; is that right?
> A. Yes.

When the appellant was asked if he understood the proceedings and the questions posed to him by counsel, he responded that he did.

■ Upon review of the testimony adduced at the suppression hearing, we find that the trial court had before it sufficient evidence to find that the waiver of rights made by the appellant was done intelligently and knowingly. The trial judge was in a position to assess the appellant's demeanor and ability to converse with trial counsel, and was thus best situated to determine if the appellant was merely feigning stupidity or whether he did in reality possess a limited mental capacity. The appellant stated several times that he had been advised of his rights and was aware of their contents. Further, from the record the appellant appears to have been in a lucid condition during the trial and was able to give appropriate responses to the questions propounded to him. He was obviously able to read at least portions of the confession. Considering these facts, we do not find that the court below abused its discretion in finding the confession of the appellant to have been given voluntarily. *See Massengale*, 710 S.W.2d at 596; *White*, 591 S.W.2d at 860; *Accord Casias v. State*, 452 S.W.2d 483, 489 (Tex.Crim.App.1970). Accordingly, the appellant's second point of error is overruled.

In his third point, the appellant asserts error by the court below when the trial judge admitted proof of an extraneous offense into evidence at the guilt/innocence phase of his trial. The appellant's confession contained the following statement:

> I searched the inside of the car and I found a pistol under the drivers [sic] seat and I took it to Leon's Paint and Body [on] Dorothy Road off of Sunvalley and sold it for $20.00 to Leon.

According to the appellant, this portion of the confession refers to the commission of

the theft of the gun. Since this offense was not alleged in the indictment, the appellant contends that it was an extraneous offense and the admission of any evidence concerning it at his trial for the unauthorized use of the car was erroneous.

It is a fundamental principle of law that an accused is entitled to be tried on the accusation made in the indictment and not for some collateral crime or for being a criminal generally. *Smith v. State*, 646 S.W.2d 452, 455 (Tex.Crim.App. [Panel Op.] 1983). Therefore, the State is generally prohibited from proving prior specific acts of misconduct, similar happenings, or extraneous offenses committed by the accused. *Elkins v. State*, 647 S.W.2d 663, 665 (Tex.Crim.App.1983). The reason for this rule is that although evidence of an extraneous offense may have some legal relevance to the general issue of whether the accused committed the act charged, it is inadmissible because it is inherently prejudicial, tends to confuse the issues in the case and forces the accused to defend himself against charges which he had not been informed would be brought against him. *See Albrecht v. State*, 486 S.W.2d 97, 100 (Tex.Crim.App.1972); *see also Williams v. State*, 662 S.W.2d 344, 346 (Tex.Crim.App. 1983).

■ However, this evidence may become admissible under some circumstances. Evidence of an appellant's extraneous offense may be admissible to prove the following if its probative value outweighs its prejudicial effect: the context in which the act occurred ("res gestae"); identity of the perpetrator; intent or knowledge; malice or state of mind; motive, scheme or plan; or to refute a defensive theory. *Albrecht*, 486 S.W.2d at 100–01. The "res gestae" rule for the admissibility of extraneous offenses arises where one offense or transaction occurs as a part of a continuous episode or another offense is blended with or closely interwoven with the offense for which the accused is being tried. *See Maynard v. State*, 685 S.W.2d 60, 66 (Tex.Crim. App.1985) (en banc). Evidence of an extraneous offense is admissible as res gestae because events do not occur in a vacuum

and because the jury has a right to know what occurred immediately prior to and subsequent to the commission of a criminal act so that they may realistically evaluate the evidence. *See Archer v. State*, 607 S.W.2d 539, 542 (Tex.Crim.App. [Panel Op.] 1981).

■ We find the court below did not err in admitting the evidence of the theft of the gun. The gun was contained in the vehicle and thus its actual theft was contemporaneous with the appellant's appropriation of the car. Therefore, the court below did not err in admitting the evidence complained of by the appellant. Appellant's third point of error is overruled.

In his fourth point of error, the appellant asserts that the trial court erred in admitting evidence of one of his prior convictions because the State failed to prove that the conviction was valid. We must therefore review the transcript in order to pass upon the merits of the appellant's contention.

During the punishment phase of the appellant's trial, the State introduced evidence of two prior felonies for which the appellant had been convicted for the purpose of sentence enhancement. *See* TEX. PENAL CODE ANN. sec. 12.43 (Vernon 1974). One of the prior felonies was a 1983 conviction for the theft of a truck and trailer over $20,000 in value which bears the cause number 221161-W. To prove the conviction, the State introduced six documents: a felony information; a judgment on the appellant's plea of guilty; an order setting conditions of probation; a petition to revoke probation; a judgment revoking probation; and a waiver of appeal. Four of the documents allege the offense "theft over $20,000." However, the petition for revocation of probation alleges the offense as "theft over $20,000— vehicle," and the waiver of appeal sets forth the offense as "theft $200–$10,000– vehicle."

According to the appellant, the variance in the offenses alleged in these two documents renders the conviction invalid for enhancement purposes because it is unclear for what specific offense the appellant's probation was revoked. Further, the ap-

pellant asserts the waiver of appeal is ineffective because the offense alleged therein varies from the offense alleged in the other documents, thus the conviction was not "final" and therefore unavailable for enhancement purposes.

Initially, the State contends that the appellant has waived the opportunity to complain of any error in the enhancement proof by failing to properly object at trial. We disagree. A review of the record reveals that the appellant's counsel did in fact object upon the State's tender of the documents to the court. While the objection was not worded as succinctly as it might have been, we find it sufficient to preserve any alleged error.

 The State carries the burden of proving the enhancement allegations contained in an indictment. *See Ex parte Augusta,* 639 S.W.2d 481, 484 (Tex.Crim.App. 1982) (en banc). The State may carry this burden by tendering to the trier of fact copies of the judgment and sentence in each of the felonies used for enhancement and connecting them with the defendant. *See Tinney v. State,* 578 S.W.2d 137, 138 (Tex.Crim.App. [Panel Op.] 1979). Once the State has proven that a prior judgment and sentence exist and connects them with the defendant, the burden shifts to the accused to establish any irregularities that might invalidate the prior conviction. *Id.*

Upon review of the record, we find no error by the court below in its admission of the appellant's 1983 conviction for enhancement purposes. Initially, we note that although the two documents complained of by the appellant appear to allege different variations of the actual prior offense, neither document was necessary to the State's proof required to establish the prior conviction. All the State was required to introduce was the judgment on the guilty plea and the judgment revoking probation and sentence. Both documents contained the proper offense allegation of "theft over $20,000," which coincides with the allegation contained in the enhancement paragraph of the indictment in the appellant's instant cause. There being no variance between the enhancement allega-

tion and relevant enhancement proof, the admission of the prior conviction was proper. *See Plessinger v. State,* 536 S.W.2d 380, 381–82 (Tex.Crim.App.1976).

Further, assuming arguendo that the "errors" in the two documents could invalidate the use of the prior conviction for enhancement, we note that the appellant failed to offer any proof that his prior conviction was not final or was in some way irregular. As mentioned above, the appellant carried the burden of establishing any irregularity in the State's offer of enhancement proof. *Tinney,* 578 S.W.2d at 138. However, after making his objection, the appellant's counsel failed to go forward with any evidence to counter the proof made by the State. In the absence of proof that a prior conviction used for enhancement was not final, the trial court does not err in relying on that conviction when assessing sentence. *See Allison v. State,* 423 S.W.2d 326, 328 (Tex.Crim.App.1968). The appellant's fourth point of error is overruled.

Finding no error in the court below, the appellant's conviction is affirmed.