NO. 07-06-0055-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 13, 2006

_____

JOSE ANTONIO MOYA,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 106TH DISTRICT COURT OF LYNN COUNTY;

NO.  05-2751; HON.  CARTER T. SCHILDKNECHT, PRESIDING
_____

*Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Jose Antonio Moya appeals from his conviction for driving while intoxicated.  He does not dispute his conviction *per se* but the jury's determination that he used a deadly weapon during the commission of the offense.  The deadly weapon, according to the State, consisted of the tractor he was driving at the time.  Through his two issues, he contends that the evidence was legally and factually insufficient to prove the tractor was a deadly weapon. We overrule the issues and affirm the judgment.

## *Background*

Bradley Ray Ashbrook (Ashbrook) testified that he was driving home in his '03 Dodge, 3/4 ton four-wheel drive diesel pickup truck on July 25, 2005, around 8:00 p.m. on Highway 380. As he was traveling, a tractor being driven by appellant "ended up in [his] lane." Though Ashbrook tried to avoid the tractor, his efforts proved unsuccessful because "[t]here wasn't nowhere [sic] to go." So, he "slammed on the brakes" and struck the "passenger-side tire of the tractor." While his truck was "totaled" (incurring approximately $32,000 worth of damage), he received minor injuries.

An investigating officer arriving at the scene found appellant in the driver's seat of the tractor. The officer noted that appellant's eyes were bloodshot, he had an empty beer can beside him, and he had a cut on the bridge of his nose. So too did the officer smell alcohol "coming from the tractor"; another witness testified that she smelled alcohol on appellant's breath. And, when asked, appellant admitted to drinking "earlier in the day" at around "8:00 *a.m.*" (Emphasis added). However, testing undertaken about an hour after the crash revealed appellant's blood alcohol level to be .25.

### *Law and Its Application*

The applicable standard of review is well-settled and need not be reiterated. Instead we cite the parties to *Zuliani v. State*, 97 S.W.3d 589 (Tex. Crim. App. 2003) and *King v. State*, 29 S.W.3d 556 (Tex. Crim. App. 2000) for its explanation.

Again, we note that appellant does not contest the fact of his intoxication. Rather, he questions the finding that the tractor constituted a deadly weapon. A deadly weapon is anything that "in the manner of its use or intended use is capable of causing death or

2

serious bodily injury." TEX. PENAL CODE §1.07(a)(17)(B). And, motor vehicles may fall within that category depending on their manner of use. *Ex parte McKithan*, 838 S.W.2d 560, 561 (Tex. Crim. App. 1992). With that said, we turn to the record before us.

Though no one testified about the model number or size of the tractor, it nonetheless was motorized and of sufficient mass to, if struck on the front passenger tire, "total" (or cause $32,000 worth of damage to) a 3/4 ton four-wheel drive diesel pickup truck. So, a jury could rationally conclude that it was no small thing. Moreover, it was being operated on a public roadway by someone who was intoxicated. While being so operated, it entered into an oncoming lane of traffic, and while oncoming traffic endeavored to avoid the tractor, it could not. The resulting collision "totaled" the aforementioned pickup truck. This constitutes some evidence upon which a rational jury could conclude beyond reasonable doubt that the tractor, in its manner of use, was capable of causing death or serious bodily injury. *See Davis v. State*, 964 S.W.2d 352, 354 (Tex. App.–Fort Worth 1998, no pet.) (holding that appellant's weaving into lanes of oncoming traffic while intoxicated and causing others to take evasive action was enough evidence to support a deadly weapon finding). So, the evidence was legally sufficient to support the verdict.

Next, in a factual sufficiency review, we must review all of the evidence to determine whether the adverse finding is against the great weight and preponderance of the available evidence. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). Appellant contends that he drove the tractor as he did due to chest pains, as opposed to his intoxication. Simply put, the evidence raised a fact issue as to whether the manner in which he drove the tractor was due to his intoxication or supposed chest pains. This is a fact issue for the jury to decide. Furthermore, his uncorroborated comments did not overwhelm the

3

evidence indicative of his driving as he did while intoxicated.  Again, this was left to the jury to decide.  Thus, we cannot find that the evidence concerning the deadly weapon finding to be factually insufficient.

We overrule each issue and affirm the judgment.


Brian Quinn
Chief Justice

Publish.