MCKEE V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-203-CR

KELLY JO MCKEE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 415TH DISTRICT COURT OF PARKER COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Kelly Jo McKee appeals from her conviction and twenty-year sentence for intoxication manslaughter.  In three points, appellant contends that the trial court erred by making an affirmative deadly weapon finding and by overruling appellant’s objection to the expert testimony of Roger Smith, a trooper with the Texas Department of Public Safety.  We affirm.

Background Facts

On October 29, 2004, appellant was driving her SUV northbound on a rural stretch of F.M. 1189 when she failed to negotiate a turn, left the road, overcorrected, re-entered the road, and then swerved into the oncoming lane of traffic.  When appellant attempted to steer her SUV back into the correct lane, the SUV rolled over and became airborne.  Appellant’s SUV struck a car driven by Ronald Price, in which Price’s wife, Alice Cushman, was a passenger.  Cushman survived, but Price was killed.  Appellant later admitted that the wreck was her fault and that she had been speeding when she tried to negotiate the turn, and police officers determined that appellant was intoxicated during the accident.

The State indicted appellant for intoxication manslaughter, and appellant pled guilty on March 6, 2006.  On the same day, the trial court assessed appellant’s punishment at twenty years’ confinement with a finding that appellant used or exhibited a deadly weapon during the commission of the offense.

Appellant’s Objection to Trooper Smith
’s Expert Testimony

Because the outcome of appellant’s third point affects her first two, we address it first.  In her third point, appellant contends that the trial court erred by overruling her objection to the introduction of Trooper Smith’s expert testimony as to the cause of Price’s death.  
We review a trial court’s ruling admitting or excluding evidence for an abuse of discretion.  
Prystash v. State
, 3 S.W.3d 522, 527 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1102 (2000); 
Montgomery v. State
, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh’g). 
 
Absent a clear abuse of discretion, a trial court’s decision to admit or exclude expert testimony will not be disturbed. 
Wyatt v. State,
 23 S.W.3d 18, 27 (Tex. Crim. App. 2000).  

The admissibility of expert testimony is governed by rule 702 of the Texas Rules of Evidence
.
(footnote: 2)  Pursuant to 
Kelly v. State,
 the proponent of expert testimony or evidence based on a scientific theory must show by clear and convincing evidence that the evidence is (1) reliable and (2) relevant to assist the trier of fact in its fact-finding duty. 
824 S.W.2d 568, 572 (Tex. Crim. App. 1992); 
Ochoa v. State,
 994 S.W.2d 283, 284 (Tex. App.—El Paso 1999, no pet.).

Near the conclusion of the State’s direct examination of Trooper Smith, the following exchange occurred:

[STATE]:  So in the manner of its use, did the defendant’s vehicle cause the death of the victim?

[DEFENSE COUNSEL]:  I’m going to object to that, Your Honor.

THE COURT:  I’m sorry?

[DEFENSE COUNSEL]:  I’m going to object to that.

THE COURT:  I guess I didn’t hear you.  You object to it?

[DEFENSE COUNSEL]:  I object.

THE COURT:  Based on what?

[DEFENSE COUNSEL]:  I object to his coming in and testifying as to its manner of use.  So far he’s not laid a predicate for its manner of use in terms of a deadly weapon finding.

. . . .

THE COURT:  I’ll take that under advisement.  We’re out of–this thing is not working.

[DEFENSE COUNSEL]:  Your Honor, I also have a second objection to that particular—and that would be that it’s asking the witness to come to a legal conclusion.

THE COURT:  How is the fact of whether death occurred a matter of law?

[DEFENSE COUNSEL]:  It’s not a matter of that, Your Honor, it’s a matter of whether or not asking him—the way the question was posed was in—in the manner of it’s use.

THE COURT:  Yeah.

[DEFENSE COUNSEL]:  And that’s asking— 

THE COURT:  So the basis of law for the objection is what?

[DEFENSE COUNSEL]:  Two—two-fold.  The secondary objection would be that it’s asking this witness— 

THE COURT:  Well, give me first-fold first and second again.  I want to make sure I understand you.

[DEFENSE COUNSEL]:  It’s asking this witness to without predicate on the use or intended use of a deadly weapon—I guess they’re trying to get in the motor vehicle as the deadly weapon—whether or not this—the proper predicate has been laid for that, that’s number one; and, number two, whether or not this witness can testify as to the legal conclusion of its use or intended use being a deadly weapon.  

THE COURT:  Well, I don’t believe that’s the way the question was asked.  I’ll overrule the objection.  

The question was, so in the manner—in the offer of its—in the manner of its use, did the defendant’s vehicle cause the death of the victim?  You may answer.

[WITNESS]:  Yes, it did.

It is from this evidentiary ruling that appellant now appeals, claiming that Trooper Smith was not qualified to testify as an expert witness about whether appellant used or intended to use the SUV as a deadly weapon.  The State counters that appellant failed to preserve this issue for appeal because her “lack of predicate” objection was too general to direct the trial court to the specific grounds for the objection. 

To preserve a complaint for appellate review, the record must show that the complaint was presented by timely request, objection, or motion and was sufficiently specific to make the trial court aware of the complaint.  
Tex. R. App. P.
 33.1(a).  All a party must do to avoid the forfeiture of a complaint on appeal is let the trial judge know what she wants, why she thinks herself entitled to it, and to do so clearly enough for the judge to understand her at a time when the trial court is in a proper position to do something about it.  
Lankston v. State
, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992).  Of course, when it seems from the context that a party failed to communicate her desire effectively, then reviewing courts should not hesitate to hold that appellate complaints arising from the event have been lost.  
Id.
  But otherwise, appellate courts should reach the merits of parties’ complaints without requiring that the parties read some special script to make their wishes known.  
Id.  
However, to preserve error on a complaint for appeal, the objection at trial must comport with the complaint on appeal.  
Tex. R. App. P.
 33.1; 
Coffey v. State
, 796 S.W.2d 175, 179 (Tex. Crim. App. 1990).

 Here, appellant objected both on the basis of improper predicate and on the basis that the State “[asked Trooper Smith] to come to a legal conclusion” regarding the SUV’s use as a deadly weapon.  Although appellant did not use trigger words such as “expert,” “qualifications,” “relevance,” “rule 702,” or “competency” in her objection, her actual objection was specific enough to make the trial court aware of the complaint.  
See 
Tex. R. App. P.
 33.1(a); 
Heidelberg v. State
, 144 S.W.3d 535, 538 (Tex. Crim. App. 2004) (holding that defendant’s objection is specific enough to give the trial court notice if it is clear from the context).  

However, even though appellant properly made the trial court aware of her complaint, she did not provide specific grounds regarding why Trooper Smith was unqualified to testify as an expert witness.  An objection to the admission of evidence must state the specific grounds for the objection, unless the specific grounds are apparent from the context.  
Tex. R. App. P.
 33.1(a)(1)(A).  An objection to an improper predicate that fails to inform the trial court exactly how the predicate is deficient will not preserve error. 
 Bird v. State,
 692 S.W.2d 65, 70 (Tex. Crim. App. 1985), 
cert. denied
, 475 U.S. 1031 (1986).  Rule 702 and 
Daubert
 cover numerous requirements and guidelines for the admission of expert testimony. 
See 
Tex. R. Evid.
 702; 
 Daubert v. Merrell Dow Pharms., Inc.
, 509 U.S. 579, 113 S. Ct. 2786 (1993); 
Scherl v. State,
 7 S.W.3d 650, 651-52 (Tex. App.—Texarkana 1999, pet. ref’d).  Objections based simply on rule 702 and 
Daubert
 alone are, in effect, general objections to an improper predicate and do not adequately inform the trial court of any specific complaint upon which it is to rule.  Here, by simply arguing that the State had not laid the proper predicate for Trooper Smith to testify, appellant failed to preserve, for appellate review, any specific complaint about Trooper Smith’s testimony as an expert regarding whether appellant used the SUV as a deadly weapon. 
See Scherl, 
7 S.W.3d at 651-52
.  

Appellant’s second objection to Trooper Smith’s testimony, that the State asked Trooper Smith to come to a legal conclusion, does not comport with her complaint on appeal.  Therefore, appellant abandoned this argument on appeal.  
See Coffey
, 796 S.W.2d at 179. Accordingly, we overrule appellant’s third point.   

Appellant’s Deadly Weapon Finding Argument

In her first two points, appellant argues that the trial court violated her due process and jury trial rights by improperly making a deadly weapon finding and that the evidence is legally insufficient to support the deadly weapon finding.
(footnote: 3)  Appellant asserts that the trial court erred in making a deadly weapon finding because this finding of fact was never made by a jury beyond a reasonable doubt, because the indictment did not allege in what manner appellant used the motor vehicle as a deadly weapon, and because the indictment stated that Price’s death was caused by an “accident or mistake.” 

Article 37.07 of the code of criminal procedure provides that a defendant may choose her trier of fact at the punishment phase.  
Tex. Code Crim. Proc. Ann.
 art. 37.07, § 2(b) (Vernon 2006).  A defendant who fails to elect for the jury to assess punishment leaves all questions to be considered in the punishment phase to the trial court.  
See Tinney v. State
, 578 S.W.2d 137, 139 (Tex. Crim. App. 1979).  Therefore, the trial court as the fact-finder on punishment has the authority to make a deadly weapon finding as long as the jury has not already decided the issue at the guilt-innocence phase.  
Fann v. State
, 702 S.W.2d 602, 604 (Tex. Crim. App. 1986) (op. on reh’g); 
Umoja v. State
, 965 S.W.2d 3, 10 (Tex. App.—Fort Worth 1997, no pet.).  Because appellant did not elect for the jury to assess her punishment, the trial court, after hearing evidence presented at the punishment trial phase, appropriately made this determination.  
See Tinney
, 578 S.W.2d at 139. 

We next address appellant’s argument that her due process rights were violated because the indictment and deadly weapon notice did not allege in what manner of use appellant’s motor vehicle constituted a deadly weapon under section 1.07(a)(17)(B) of the penal code.  
Tex. Penal Code Ann.
 § 1.07(a)(17)(B) (Vernon Supp. 2006).  A deadly weapon is anything that “in the manner of its use or intended use is capable of causing death or serious bodily injury.”  
Id. 
 Motor vehicles may fall within that category depending on their manner of use. 
 Ex parte McKithan
, 838 S.W.2d 560, 561 (Tex. Crim. App. 1992); 
Moya v. State
, 204 S.W.3d 509, 510 (Tex. App.—Amarillo 2006, no pet.).  

The record reflects that the State provided appellant with sufficient notice of its intent to seek an affirmative deadly weapon finding.  The indictment alleged

[that appellant did] then and there operate a motor vehicle in a public place while intoxicated . . . and did by reason of such intoxication cause the death of . . . Ronald Leslie Price, by accident or mistake, to-wit: by driving said motor vehicle into a vehicle being driven by said, Ronald Leslie Price.

An allegation in an indictment charging a defendant with causing the death of an individual by the use of a motor vehicle gives sufficient notice of the State’s intent to seek a deadly weapon finding.  
Ex parte McKithan
, 838 S.W.2d at 561.  Here, such an allegation existed.  Further, contrary to appellant’s assertion, the indictment explicitly stated the manner in which appellant’s use of the motor vehicle caused it to become a deadly weapon (“by driving said motor vehicle into a vehicle being driven by [Price]”). 

Appellant also claims that because the indictment stated that Price’s death was caused by an “accident or mistake,” the deadly weapon finding was improper.  However, under the penal code, appellant’s use of the motor vehicle does not have to be intentional; she must just use it in a deadly manner.  
See 
Tex. Penal Code Ann.
 § 1.07(a)(17)(B);
 McCain v. State
, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000); 
Walker v. State
, 897 S.W.2d 812, 814 (Tex. Crim. App. 1995).  Accordingly, we overrule appellant’s first point.

We now turn to appellant’s assertion that the evidence was legally insufficient to support the trial court’s deadly weapon finding.  Trooper Smith testified that appellant was the driver of the SUV that he first observed to be lying on its roof in the public roadway.  Appellant admitted that she was speeding and lost control of her SUV, causing the accident.  Through his accident reconstruction investigation, Trooper Smith was able to reconstruct much of appellant’s description of the accident.  Specifically, Trooper Smith testified that the point of impact between appellant and Price’s vehicles took place in Price’s lane of traffic, that appellant was at fault in causing the accident, and that appellant was operating her vehicle in excess of the speed limit when the collision occurred.  The State also admitted a lab report demonstrating that appellant’s blood alcohol level was 0.20 when her blood sample was taken two to three hours after the accident. 

Cushman testified that, while she was riding in Price’s car, appellant’s SUV came “at great speed across our lane.”  Additionally, the impact of appellant’s car “crushed” Price’s door so that Cushman could not get him out. 

Trooper Smith and Cushman both testified that the impact of appellant’s SUV on the roof of Price’s car caused his death.  Specifically, Trooper Smith testified that the roof above the driver’s seat where Price was sitting was “caved in below the steering wheel.”  Similarly, Cushman testified that she felt “very warm blood” on Price immediately after the wreck and believed that he died on impact.  Trooper Smith also stated that when he arrived at the scene of the accident immediately after the collision, Price was already deceased.

This testimony constitutes some evidence upon which a rational trier of fact could conclude beyond a reasonable doubt that appellant’s SUV, in its manner of use, was capable of causing death or serious bodily injury.  
See Davis v. State
, 964 S.W.2d 352, 354 (Tex. App.—Fort Worth 1998, no pet.) (holding that appellant’s weaving into lanes of oncoming traffic while intoxicated and causing others to take evasive action was enough evidence to support a deadly weapon finding); 
Moya
, 204 S.W.3d at 510 (same).  Therefore, the evidence was legally sufficient to support the trial court’s deadly weapon finding.  Accordingly, we overrule appellant’s second point.

Conclusion

Having overruled appellant’s three points, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: LIVINGSTON, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: February 1, 2007 

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Under rule 702 of the Texas Rules of Evidence, if scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert may  give his or her opinion testimony thereto.  
Tex. R. Evid.
 702.

3:
We note that all of appellant’s points were discussed and argued together.  We are not obligated to address multifarious points, but to the extent we are able to discern her contentions on appeal, we will address them. 
 See 
Luquis v. State,
 72 S.W.3d 355, 364 & n.21 (Tex. Crim. App. 2002)
 (holding that appellate courts may disregard any point that is multifarious);
 
Foster v. State,
 101 S.W.3d 490, 499 (Tex. App.—Houston [1st Dist.] 2002, no pet.) 
(holding that appellant courts may disregard multifarious points, but may also consider them if they can determine with reasonable certainty the nature of the complaints raised).