**Kenneth Linwood WALKER, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–93–096–CR.**

Court of Appeals of Texas,
Fort Worth.

March 8, 1994.

Danny D. Burns, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., Betty Marshall, Charles M. Mallin, Asst. Chief Crim. Dist. Attys., Tanya S. Dohoney, Asst. Crim. Dist. Atty., Fort Worth, for state.

Before WEAVER, HICKS and FARRAR, JJ.

## OPINION

HICKS, Justice.

Appellant pleaded guilty to the offense of involuntary manslaughter caused by driving while intoxicated. *See* TEX.PENAL CODE ANN. § 19.05(a)(2) (Vernon 1989). A jury assessed punishment at fifteen years confinement and an $8,000 fine. In his sole point of error, appellant contends that the evidence is insufficient to support the jury's finding that he used his motor vehicle as a deadly weapon. We affirm.

On the evening of September 1, 1992 the left rear tire on David Cooper's car blew out while he was driving on IH–35 in Fort Worth. Cooper exited the interstate and parked in a safety zone between the off-ramp and the access road to change the tire. Fort Worth Police Officer Brent Wisdom stopped to help Cooper. Wisdom pulled his police car, with its red and blue lights flashing, behind Cooper's car to make it more visible to on-coming traffic. Wisdom got out of his car and stood by the right rear bumper of Cooper's car. As appellant was driving along the IH–35 access road, he took his eyes off the road to reach for some tobacco on the passenger seat of his car. When he looked up, he saw a car in front of him and his windshield exploded. Appellant's car hit Wisdom and Cooper's car. As a result of the accident, Wisdom suffered fatal trauma to his skull and brain, and both his legs were severed just below the knees.

On the day of the accident appellant got off work at about 4:30 p.m. He stopped to purchase some alcohol and began to drink it after he got home. Later that evening, after drinking two-and-a-half quarts of malt liquor, appellant attempted to drive to the store to get something to eat. This is when the collision occurred. Appellant was driving at a rate between 48 and 52 m.p.h. at the time of impact.

Appellant's blood-alcohol level that night was 0.17. In the opinion of the chemist who tested appellant's blood, appellant was legally intoxicated and had lost the normal use of his mental and physical faculties. Appellant did not see the police lights or anyone in front of him, and did not realize he had hit Officer Wisdom until he was at the hospital. He did not apply the brakes before hitting Officer Wisdom. Appellant testified that the accident would not have happened if he had not been drinking.

■ A deadly weapon can be anything that in the manner of its use or intended use is capable of causing death or serious bodily injury. TEX.PENAL CODE ANN. § 1.07(a)(11)(B) (Vernon 1974). A motor vehicle, in the manner of its use or intended use, is clearly capable of causing death or

serious bodily injury and therefore can be a deadly weapon. *Ex parte McKithan*, 838 S.W.2d 560, 561 (Tex.Crim.App.1992); *see Nevarez v. State*, 847 S.W.2d 637, 644 (Tex. App.—El Paso 1993, pet. ref'd); *Chandler v. State*, 689 S.W.2d 332, 335 (Tex.App.—Fort Worth 1985, pet. ref'd).

 Appellant argues that his vehicle cannot be considered a deadly weapon because there is no evidence that he was acting recklessly, that is, evidence that he was aware of, but consciously disregarded, the danger or risk of death or serious bodily injury. But appellant was charged with involuntary manslaughter under section 19.05(a)(2) of the penal code, and he pleaded guilty. A finding that the statutory elements of section 19.-05(a)(2) have been fulfilled constitutes a finding of reckless conduct as a matter of law. *See Guerrero v. State*, 605 S.W.2d 262, 264 (Tex.Crim.App. [Panel Op.] 1980); *Harper v. State*, 686 S.W.2d 738, 741 (Tex.App.—Austin 1985, no pet.); Seth S. Searcy III & James R. Patterson, Practice Commentary, TEX.PENAL CODE ANN. § 19.05 (Vernon 1989).

In any event, there was sufficient evidence from which the jury could have found that appellant's car, in the manner of its use or intended use, was capable of causing death or serious bodily injury. Appellant, who has a previous DWI conviction and on another occasion injured himself while driving under the influence, was not looking at the road at the time of the accident. In fact, he was so oblivious to his surroundings that he did not notice the flashing red and blue lights from Officer Wisdom's police car or Wisdom himself. Appellant's reckless operation of his vehicle and Wisdom's death support the jury's finding that his car was used as a deadly weapon. *See Tyra v. State*, 868 S.W.2d 857, 860 (Tex.App.—Fort Worth, 1993, n.w.h.) ("intentional, reckless, or negligent operation of a motor vehicle, while intoxicated, resulting in death or serious bodily injury, will support a finding that the vehicle is a deadly weapon"); *Roberts v. State*, 766 S.W.2d 578, 579 (Tex.App.—Austin 1989, no pet.). We hold that the evidence is sufficient to support the deadly weapon finding. Appellant's point of error is overruled.

The judgment is affirmed.