Kenneth Linwood WALKER, Appellant,

v.

The STATE of Texas, Appellee.

No. 463–94.

Court of Criminal Appeals of Texas,
En Banc.

May 10, 1995.

Danny D. Burns, Fort Worth, for appellant.

Tim Curry, Dist. Atty., Betty Marshall, Charles M. Mallin & Tanya S. Dohoney, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

*OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

BAIRD, Judge.

Appellant plead guilty to the offense of involuntary manslaughter by accident or mistake resulting from the operation of a motor vehicle while intoxicated. Tex. Penal Code Ann. § 19.05(a)(2). The jury assessed punishment at fifteen years confinement and an $8,000 fine. Tex. Penal Code Ann. § 12.33. Additionally, the jury made an affirmative finding that appellant "used" his motor vehicle as a deadly weapon in the commission of the offense. Tex.Code Crim.Proc.Ann. art. 42.12, § 3g(a)(2); *and,* art. 42.18, § 8(b)(3) [1]. The Court of Appeals affirmed. *Walker v. State,* 872 S.W.2d 34 (Tex.App.—Fort Worth 1994). We granted appellant's petition for

---

1. Art. 42.18, § 8(b)(3) provides that
   ... if the judgment contains an affirmative finding under [art 42.12, § 3g(a)(2)], [the prisoner] is not eligible for release on parole until his actual calendar time served, without consideration of good conduct time, equals one-half of the maximum sentence or thirty years, whichever is less, but in no event shall he be eligible for release on parole in less than two calendar years.
   Art. 42.12, § 3g(a)(2) provides that an affirmative finding of the use of a deadly weapon may be made
   ... when it is shown that a deadly weapon as defined in Section 1.07, Penal Code, was used or exhibited during the commission of a felony offense or during immediate flight therefrom, and that the defendant used or exhibited a deadly weapon or was a party to the offense and knew that a deadly weapon would be used or exhibited.....
   Penal Code § 1.07(a)(17) defines a deadly weapons as either
   (A) a firearm or anything manifestly designed, made or adapted for the purpose of inflicting death or serious bodily injury; or

discretionary review to determine whether an affirmative finding of the use of a deadly weapon is permissible in prosecutions for involuntary manslaughter under Penal Code § 19.05(a)(2).

Although appellant couches his ground for review in terms of sufficiency, the issue is more appropriately addressed as one of statutory construction. *See, Patterson v. State,* 769 S.W.2d 938, 940 (Tex.Cr.App.1989). Appellant essentially contends there can be no affirmative finding of a deadly weapon in a prosecution for involuntary manslaughter by accident or mistake resulting from the intoxicated operation of a motor vehicle because art. 42.12, § 3g(a)(2) permits an affirmative finding only where "there is some intent or desire to use the instrument of death as a weapon." *Appellant's Brief,* pg. 7. Where there is no intent to use an object as weapon, however, no affirmative finding may be made, even if death results from the negligent use of that object. *Id.,* at 7–8. Appellant concludes an affirmative finding was not permissible in the instant case because the evidence showed only that he was using his automobile for transportation, and not with the intent to injure or kill the decedent. *Id.,* at 7.

We note that we have recently addressed this issue in *Tyra v. State,* 897 S.W.2d 796 (Tex.Cr.App.1995). In that case, the defendant challenged the affirmative finding that he "used" his car as a deadly weapon in a prosecution under Penal Code § 19.05(a)(2) because there was no evidence he operated his car with the intent to cause the decedent's death. *Id.,* 897 S.W.2d at 797. In addressing Tyra's claim, we relied upon our discussion in *Patterson v. State,* 769 S.W.2d 938 (Tex.Cr.App.1989), concerning the meaning of "use" of a deadly weapon under art. 42.12, § 3g(a)(2).

In *Patterson,* a prosecution for possession of narcotics, we addressed whether the de-

(B) anything that in the manner of its use or intended use is capable of causing death or

fendant's mere possession of a pistol constituted its use in the narcotics offense. Patterson was arrested during a narcotics raid upon a residence. As police entered the room where Patterson was sitting, he announced that he "had a gun but was not going to touch it." *Id.,* 769 S.W.2d at 939. Police retrieved a pistol located between Patterson's leg and the sofa on which he was sitting. The State contended during trial that Patterson "used" the pistol to "protect his drugs and facilitate their possession." *Id.,* at 940. The jury found, and the trial court's judgment reflected, that a deadly weapon was used during the commission of the charged offense.

In addressing the meaning of "use" under art. 42.12, § 3g(a)(2) we initially observed that "*all* felonies are theoretically susceptible to an affirmative finding of the use of a deadly weapon." *Id.* (emphasis in original). Noting that the Legislature has in no ways delineated "use" with regard to a deadly weapon finding, we then examined the word "use" according to its common understanding and employment:

> ... the verb form[ ] of the word[ ] "use" ... [must] be "read in context and constructed according to rules of grammar and usage." Sec. 311.011(a), *Tex.Gov't Code.* ... "Use" as a verb, may mean a number of things. For example, "use" is defined as "to put into action or service: have recourse or enjoyment of: employ ... to carry out a purpose or action by means of: make instrumental to an end or process: apply to advantage: turn to account: utilize." *Webster's Third New International Dictionary* (1976), p. 2523–2524. In explicating the word the dictionary provides the following synonym [sic] "employ, utilize, apply, avail: use is general and indicates putting to service of a thing, usu. for an intended or fit purpose...." *Id.*

*Patterson,* 769 S.W.2d at 940–941 (footnote omitted).

serious bodily injury.

Based on this analysis, we reasoned in *Tyra* that the meaning of "use" under art. 42.12, § 3g(a)(2) is "open[ ] to the broadest possible understanding in context of which it [is] reasonably susceptible in ordinary English." *Tyra*, 897 S.W.2d at 798. We concluded that the operation of a motor vehicle in a prosecution under § 19.05(a)(2) corresponds with the definition of "use" discussed in *Patterson*. *Tyra*, 897 S.W.2d at 798; *and*, Concurrence, 897 S.W.2d at 802 (Baird, J., concurring). Thus, a majority of this court acknowledged in *Tyra* that the operation of an automobile while intoxicated may constitute its "use" as a deadly weapon. *Id.*, 897 S.W.2d at 798–799; Concurring Op., 897 S.W.2d at 801–802 (Baird, J., concurring). Accordingly, the instant case is controlled by *Tyra.*

Appellant contends, however, that a specific intent must accompany the usage of a deadly weapon in order for there to be an affirmative finding. Regardless, we believe it is evident that not all deadly weapons need be used with an intent to achieve a specific purpose. *Thomas v. State*, 821 S.W.2d 616, 620 (Tex.Cr.App.1991). *See also, Tyra*, 897 S.W.2d at 801 (Baird, J. concurring). Rather, an object may be used as a deadly weapon where the "manner of its use . . . is capable of causing death or serious bodily injury." Penal Code § 1.07(a)(17)(B). *See also, Thomas*, 821 S.W.2d at 620 (objects which are not a deadly weapons *per se* "do not qualify as deadly weapons unless *actually used* . . . in such a way as to cause death or serious bodily injury within the meaning of Section 1.07(a)(11)(B).").

 We therefore hold that the operation of an automobile may constitute the use of a deadly weapon under a prosecution under § 19.05(a)(2). We further hold that no intent to use the automobile as a weapon need be shown. Accordingly, the judgment of the Court of Appeals is affirmed.

CLINTON, J., concurs in that for reasons stated in his dissenting opinion in *Tyra v.*

*State*, 897 S.W.2d 796 (Tex.Cr.App.1995), the sole mental state for an offense under V.T.C.A. Penal Code, § 19.05(a)(2), is *reckless per se.*

MALONEY, J., concurs with note: I join the opinion of the majority, but direct attention to the comments made in my concurring opinion in *Tyra v. State*, 897 S.W.2d 796 (Tex.Crim.App.1995) (Maloney, J., concurring).