In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00084-CV
______________________________


EBENY GIVENS, INDIVIDUALLY AND AS NEXT FRIEND OF TONI J. 
WRIGHT, A MINOR, AND KEITH WRIGHT, INDIVIDUALLY, Appellants
Â 
V.
Â 
BAPTIST HEALTH SERVICES, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 57th Judicial District Court
 Bexar County, Texas
Trial Court No. 2005-CI-02081


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Carter


O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Ebeny Givens, individually and as next friend of Toni J. Wright, a minor, and Keith Wright,
individually, appellants, have presented this Court with a motion to dismiss the pending appeal
against appellee Baptist Health Services. Givens states that a settlement agreement has been reached
with Baptist Health Services. 
Â Â Â Â Â Â Â Â Â Â Â Â We have severed Givens' appeal against Baptist Health Services and assigned that case cause
number 06-05-00084-CV. 
Â Â Â Â Â Â Â Â Â Â Â Â The appeal by Givens against Baptist Health Services, cause number 06-05-00084-CV, is
hereby dismissed. 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Jack Carter
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Date Submitted:Â Â Â Â Â Â Â Â Â Â July 6, 2005
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â July 7, 2005



its use" is capable of causing death or serious
bodily injury. Thus, the Hall strictures have been met. 

The Second Stage of the Review: Is There Evidence that Whytus Committed Only the Lesser
Offense of Simple Assault (Without a Deadly Weapon)?


 If a defendant either presents evidence that he committed no offense or presents no evidence
and there is no evidence otherwise showing he is guilty only of a lesser-included offense, then a
charge on a lesser-included offense is not required. Bignall v. State, 887 S.W.2d 21, 22-24 (Tex.
Crim. App. 1994); Aguilar v. State, 682 S.W.2d 556, 558 (Tex. Crim. App. 1985).

 Further, the evidence must establish the lesser-included offense as a valid rational alternative
to the charged offense. Wesbrook, 29 S.W.3d at 113; Arevalo v. State, 943 S.W.2d 887, 889 (Tex.
Crim. App. 1997). This means that the evidence must allow a jury to rationally conclude that the
appellant was guilty only of the lesser offense. Wesbrook, 29 S.W.3d at 113-14. 

 There is no suggestion or evidence that Whytus committed no offense. The question is thus
whether there is any evidence that if guilty, he is guilty of the lesser-included offense.

Analysis

 In determining whether the charge on a lesser-included offense should have been given in
this case, the question is whether there is evidence in the record that would permit a rational finding
that Whytus, although using the automobile, did not use or intend to use his automobile in a manner
capable of causing death or serious bodily injury. See Tex. Penal Code Ann. §Â 1.07(a)(17)(B)
(Vernon Supp. 2008) (defining "deadly weapon"). 

 We recognize per se that a vehicle is not a deadly weapon. Noyola v. State, 25 S.W.3d 18,
20 (Tex. App.--El Paso 1999, no pet.). The question under these facts is whether there is any
evidence that it was not actually used in such a way as to be a deadly weapon. In that context, an
intent to achieve a specific purpose is not necessary to support a finding that an object was a deadly
weapon in the manner of its use. Walker v. State, 897 S.W.2d 812, 814 (Tex. Crim. App. 1995). 
An object which is not a deadly weapon "per se" becomes a deadly weapon where the manner of its
use is capable of causing death or serious bodily injury. Id. at 814. A specific intent to use a motor
vehicle as a deadly weapon is not required. Drichas v. State, 175 S.W.3d 795, 798 (Tex. Crim. App.
2005).

 In general terms, this means that in order for appellant to have been entitled to the simple
assault charge, there must have been some evidence presented that would have permitted a rational
jury to find that appellant did not use a deadly weapon in committing the assault. As specifically
applied to this fact situation, before a charge on the lesser-included offense would have been proper,
there must be some evidence presented from which the jury could have determined that Whytus did
not use his vehicle in a manner capable of causing death or serious bodily injury. See Dobbins v.
State, 228 S.W.3d 761, 769 (Tex. App.--Houston [14th Dist.] 2007, pet. dism'd, untimely filed).

 In this context, it is not enough that the jury might simply disbelieve crucial evidence; there
must be some evidence that the vehicle was not a deadly weapon in the manner of its use. Garcia
v. State, 92 S.W.3d 574, 576 (Tex. App.--Austin 2002, no pet.).

 To provide such evidence, Whytus directs us to testimony by police officer William Cole
explaining that just because there is an automobile involving injuries does not necessarily mean the
car was used as a deadly weapon. That is certainly true. However, that theoretical statement is not
evidence that in this particular case the vehicle failed to meet the definition of a "deadly weapon"
by its actual use. In this case, the evidence shows that within five seconds before the crash, Whytus
was driving at eighty miles per hour in a thirty-mile-per-hour zone and that the vehicle hit the
daycare building at a sufficient rate of speed to crash through a wall, thereby causing injury to a
number of individuals in the building. This is evidence that Whytus actually used the vehicle in a
manner capable of causing death or serious bodily injury. See Johnston, 150 S.W.3d at 638. There
is no affirmative evidence in the record to the contrary. Thus, there is no evidence that would have
permitted a rational jury to find Whytus guilty only of simple assault. The trial court did not abuse
its discretion in refusing to submit the lesser-included offense. The issue is overruled.

 We affirm the judgment.




 Bailey C. Moseley

 Justice


Date Submitted: February 26, 2009

Date Decided: February 27, 2009


Do Not Publish

1. Whytus appeals from seven convictions in a single trial. In cause numbers 06-08-00167-CR
through 06-08-00173-CR, he appeals convictions for aggravated assault with a deadly weapon. He
was sentenced to eighteen years' imprisonment in each case, to run concurrently.
2. Article 37.09 of the Texas Code of Criminal Procedure states:


 An offense is a lesser included offense if:


 (1) it is established by proof of the same or less than all the facts required to
establish the commission of the offense charged;


 (2) it differs from the offense charged only in the respect that a less serious
injury or risk of injury to the same person, property, or public interest suffices to
establish its commission;


 (3) it differs from the offense charged only in the respect that a less culpable
mental state suffices to establish its commission; or


 (4) it consists of an attempt to commit the offense charged or an otherwise
included offense. 


Tex. Code Crim. Proc. Ann. art. 37.09.