OPINION HEADING PER CUR 









                NO. 12-06-00294-CR

 

IN THE COURT OF APPEALS

                

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER, TEXAS

 

 

MICHAEL
GARDNER,       §          APPEAL FROM THE 241ST

APPELLANT

 

V.        §          JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE   §          SMITH
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM
OPINION

            A jury found Appellant Michael Gardner guilty of
aggravated assault with a deadly weapon. 
Appellant pleaded true to the enhancement allegation in the
indictment.  The jury heard evidence of a
felony conviction other than that alleged for enhancement, together with proof
of eight state jail felony and misdemeanor convictions, including convictions
for assault, theft, terroristic threat, and forgery.  The jury assessed Appellant’s punishment at
imprisonment for thirty years.  Appellant
challenges the legal and factual sufficiency of the evidence to support his
conviction.  We affirm.

 

Background 

            On February 10, 2005, Tyler Police Officer Kevin Bright was
assigned to the North Tyler Police Substation as a vehicle crimes
investigator.  His assignment did not
require that he regularly wear a police uniform.








            When on that date Officer Bright drove a white pickup
into the substation parking lot, he saw two other cars in the lot parked near
the door.  One was parked in a place
reserved for the handicapped, the other at an angle behind it with its door
open.  He saw a female at the door of the
station apparently trying to get in and a male walking slowly toward her from
one of the parked cars.  Getting out of
his pickup, Officer Bright could hear the two people arguing, and he could also
hear the motor running in the automobile with the door open. As Officer Bright
approached the couple, he asked Appellant to stop.  Officer Bright testified that Appellant
stared at him for a moment, jumped in his car, and rapidly drove directly at
him.  In order to avoid being run over by
Appellant’s car, Officer Bright pushed off with both hands on the hood of
Appellant’s car and vaulted to the right side of the vehicle.  Officer Bright landed on his feet and
suffered no injury.  Appellant sped out
of the parking lot and disappeared into the traffic on Martin Luther King
Boulevard.  Officer Bright testified that
Appellant appeared intent on hitting him, because he easily could have exited
the parking lot without driving straight toward him.

            Tyler Police Officer Richard Smith testified that he came
to the substation door to let the female in because the door was stuck, and he
witnessed the events unfolding in the parking lot.  As Officer Smith came out of the substation,
he saw Appellant look at him, look at Officer Bright, and get into his
car.  He told Appellant to “hold on, come
back.”  Officer Bright had crossed in
front of Appellant’s car and stood at its left front.  Appellant drove rapidly forward moving or
swerving his vehicle toward Officer Bright. 
When Officer Smith saw Officer Bright rebound suddenly off of Appellant’s
car, he believed Officer Bright had been hit and probably injured by Appellant’s
vehicle.  Officer Smith testified that,
in the manner of its use, Appellant’s auto was capable of causing death or
serious bodily injury.

            Appellant did not testify nor did he present any
witnesses.  

 

Legal and Factual Sufficiency

            Appellant contends that the evidence is neither legally
nor factually sufficient to support his conviction.

Standard of Review

            In reviewing a legal sufficiency challenge, an appellate
court must view the evidence in the light most favorable to the verdict to
determine whether any rational trier of fact could have found all of the
essential elements of the charged offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S.
307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); Sanders v. State,
119 S.W.3d 818, 820 (Tex. Crim. App. 2003). 
In a factual sufficiency review, the court should view the evidence in a
neutral light and ask whether a jury was rationally justified in its finding of
guilt beyond a reasonable doubt.  Watson
v. State, 204 S.W.3d 404, 413-14 (Tex. Crim. App. 2006).  The court should not reverse a case because
of the factual insufficiency of the evidence unless it can say, with some
objective basis in the record, that the great weight and preponderance of the
evidence contradicts the jury’s verdict. 
Id. at 417.  “The
difference between the two standards is that the [legal sufficiency standard]
requires the reviewing court to defer to the jury’s credibility and weight
determinations while the [standard for factual sufficiency] permits the
reviewing court to substitute its judgment for the jury’s, ‘albeit to a very
limited degree.’” Marshall v. State, 210 S.W.3d 618, 625 (Tex.
Crim. App. 2006).  

Applicable Law

            A person commits an assault if the person “intentionally
or knowingly threatens another with imminent bodily injury....”  Tex.
Penal Code Ann. § 22.01(a)(2) (Vernon Supp. 2006).  To prove aggravated assault, the State must
prove that the actor committed an assault as defined in Section 22.01 and that
the person (1) caused serious bodily injury to another, including the person’s
spouse; or (2) used or exhibited a deadly weapon during the commission of the
assault.  Tex. Penal Code Ann. § 22.02(a) (Vernon Supp. 2006).

            The culpable mental state in the defining section of the
Penal Code must be proved beyond a reasonable doubt and may not be left to
speculation or surmise.  LaPoint v.
State, 750 S.W.2d 180, 182 (Tex. Crim. App. 1986).  Ordinarily, the defendant’s culpable mental
state may be inferred from the defendant’s conduct and the surrounding
circumstances.  Ledesma v. State,
677 S.W.2d 529, 531 (Tex. Crim. App. 1984). 
Proof of a culpable mental state, in fact, almost invariably depends on
the circumstantial evidence.  Lee
v. State, 21 S.W.3d 532, 539 (Tex. App.–Tyler 2000, pet. ref’d).  

            A deadly weapon can be “anything in the manner of its use
or intended use [that] is capable of causing death or serious bodily injury.”  Tex.
Penal Code Ann. § 1.07(a)(17)(B) (Vernon Supp. 2006); Lane v.
State, 151 S.W.3d 188, 191 (Tex. Crim. App. 2004).  An intent to achieve a specific purpose is
not necessary to support a finding that an object was a deadly weapon in the
manner of its use.  Walker v. State,
897 S.W.2d 812, 814 (Tex. Crim. App. 1995).

Discussion

            Appellant contends that the evidence is legally and
factually insufficient because there is no direct evidence of Appellant’s
intent.  He argues that the only evidence
offered by the State regarding intent is the interpretation of his actions by
the two officers who testified, neither of whom had spoken with him before
charges were filed.

            As is usually the case, there is no direct evidence of
Appellant’s culpable mental state.  But
Appellant’s actions and the surrounding circumstances provide sufficient proof
from which the jury might reasonably infer that Appellant acted intentionally
or knowingly.  When Appellant got back in
his car, Officer Bright was not directly in front of Appellant’s vehicle, but
slightly to the side.  Nevertheless,
Officer Bright was in plain view. 
Instead of trying to avoid the officer, Appellant rapidly “moved or
swerved” his car directly at him.  In
pushing or vaulting away from Appellant’s vehicle to avoid being run over,
Officer Bright’s hands reached almost to the center of the car’s hood,
indicating that, at that moment, he was almost directly in Appellant’s
path.  Both officers testified that
Appellant easily could have driven out of the parking lot without driving
toward Officer Bright.  After almost
driving over the officer, Appellant did not stop but fled from the parking
lot.  Moreover, the jury had the benefit
of the opinion testimony of Officer Smith, who testified that he was a police
officer of thirty six years experience and that he had investigated many cases
of aggravated assault.  Over Appellant’s
objection, the prosecutor asked, “[B]ased on what you observed, based on your
training and experience, back in February 10th of 2005, did the defendant
commit the offense of aggravated assault against Kevin Bright in the parking
lot that day?”[1]  Officer Smith answered, “Yes, sir.”  On redirect examination, Officer Smith,
without objection, reiterated his opinion that Appellant had committed
aggravated assault.

            We conclude there was sufficient evidence for a rational
trier of fact to have found all the elements of the offense charged beyond a
reasonable doubt.  The State’s evidence
was uncontradicted.  The evidence was
both legally and factually sufficient.

Disposition

            The judgment is affirmed.

                                                                                                     BILL BASS    

                                                                                                            Justice

Opinion
delivered August 1, 2007.

Panel
consisted of Worthen, C.J., Hoyle, J., and Bass, Retired Justice, Twelfth Court
of Appeals, Tyler, sitting by assignment.

 

(DO NOT PUBLISH)











[1] The
expression of guilt or innocence in any case is a conclusion to be reached by
the jury based upon the instruction given them in the court’s charge, coupled
with the evidence admitted by the judge through the course of the trial.  Boyde v. State, 513 S.W.2d 588,
590 (Tex. Crim. App. 1974).  No witness
is competent to voice an opinion as to guilt or innocence.  Id.; Lovell v. State,
No. 12-04-00291-CR, 2006 WL 1916950, at *2 (Tex. App.– Tyler 2006, pet. ref’d)
(mem. op., not designated for publication).