

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

Nos. 07-14-00286-CR
07-14-00287-CR

SAMUEL FUENTE ORTEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 40th District Court
Ellis County, Texas
Trial Court Nos. 37,162CR & 38,598CR, Honorable Bob Carroll, Presiding

December 5, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Samuel Fuente Ortez, appellant, appeals his convictions for aggravated assault with a deadly weapon[1] and "accident involving personal injury."[2] The prison sentences

---

[1] The State alleged, via indictment, that appellant did "then and there intentionally, knowingly, or recklessly cause bodily injury to Michael Stines by driving his vehicle on the wrong side of the road causing a head-on collision with the vehicle Michael Stines was riding in, and the defendant did then and there use or exhibit a deadly weapon, to-wit: a motor vehicle, during the commission of said assault."

[2] Regarding the latter offense, the State alleged, via indictment, that appellant did "then and there intentionally or knowingly drive a vehicle that became involved in an accident resulting in serious bodily injury to Lynn Stines and the said defendant did thereafter, knowing said accident had occurred, intentionally or knowingly fail to render to Lynn Stines reasonable assistance when it was then apparent that Lynn Stines was in need of medical treatment." The crime is found at sections 550.021 and 550.023 of the Texas Motor Vehicle Code.

levied for each were fifteen and ten years, respectively. Appellant attacks his conviction for aggravated assault by contending that the evidence was insufficient to prove the use or exhibition of a deadly weapon during the crime. Regarding his other conviction, he believes that the punishment assessed was "grossly disproportionate to the crime charged and to the offender's personal circumstance." We affirm.

### Background

After spending a day drinking numerous cans of beer, appellant entered a car with an acquaintance, began driving down the road, crossed into the lane of on-coming traffic, and remained there for twenty to thirty seconds until colliding head-on with another vehicle moving in the opposite direction. The two individuals in the vehicle struck by appellant (that is, Mr. and Mrs. Stines) were severely injured, could be heard moaning, and required extensive medical treatment. The passenger riding with appellant also suffered injuries, though not to the same extent as the Stines. Despite his involvement in the collision and presence of three injured people at the accident scene, appellant exited the car he drove and walked away.

Appellant does not dispute that he intentionally, knowingly or recklessly caused others to suffer serious bodily injury. Nor does he deny leaving the scene of an accident in which he was involved without rendering aid to or securing help for anyone.

### Issue One—Sufficiency of the Evidence

As previously mentioned, appellant believes that no evidence appears of record upon which the fact finder could conclude, beyond reasonable doubt, that he used or exhibited a deadly weapon when assaulting Mr. Stines with a car. We overrule the issue.

The pertinent standard of review is well known and needs no discussion. It is enough to simply refer the litigants to *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010) for its discussion.

Next, section 22.01 of the Texas Penal Code states that a person commits assault if he "intentionally, knowingly, or recklessly causes bodily injury to another." Tᴇx. Pᴇɴᴀʟ Cᴏᴅᴇ Aɴɴ. § 22.01(a)(1) (West Supp. 2014). One commits aggravated assault by intentionally, knowingly, or recklessly causing bodily injury to another and "uses or exhibits a deadly weapon during the commission of the assault." *Id.* § 22.02(a)(2). As can be seen, a distinguishing feature between the two crimes is the use or exhibition of a deadly weapon. Statute defines the latter as "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." *Id.* § 1.07(a)(17)(B); *Gordon v. State*, 173 S.W.3d 870, 873 (Tex. App.—Fort Worth 2005, no pet.); *Dotson v. State*, 146 S.W.3d 285, 299 (Tex. App.—Fort Worth 2004, pet. ref'd). That a motor vehicle or car can be a deadly weapon is beyond dispute. *See e.g., Tyra v. State*, 897 S.W.2d 796, 798 (Tex. Crim. App. 1995) (wherein a motor vehicle was found to constitute a deadly weapon). And, for a car to be such, the driver need not use or exhibit it with the intent to achieve a specific purpose. As explained by our Court of Criminal Appeals in *Walker v. State*, 897 S.W.2d 812 (Tex. Crim. App. 1995), "it is evident that not all deadly weapons need be used with an intent to achieve a specific purpose"; so, where the purported deadly weapon is an automobile, the State may obtain an affirmative finding without having to prove that the accused intended to use the vehicle as a weapon. *Id.* at 814.

Here, an officer testified that motor vehicles have caused death and that they could be considered a deadly weapon. Moreover, as depicted in the record at bar, driving a vehicle into another car may and actually did cause individuals to suffer serious bodily injury. Given this, the jury had before it some evidence upon which it could rationally conclude, beyond reasonable doubt, that appellant used or exhibited a deadly weapon during his assault upon Mr. Stines.

*Issue Two—Disproportionate Sentencing*

Because appellant 1) sought probation upon being found guilty for engaging in an accident resulting in personal injury and failing to render aid to those he injured, 2) had not previously been convicted of any felonies, and 3) previously had engaged in a prior unadjudicated misdemeanor offense for driving while intoxicated in 2009, the ten year prison sentence levied was grossly disproportionate to the crime and violative of the United States and Texas Constitutions, or so he believes. The sentence was the maximum allowed for committing the third degree felony for which he was convicted. Assuming, *arguendo*, that the contention was preserved for review even though not raised below, *compare Garza v. State*, 435 S.W.3d 258 (Tex. Crim. App. 2014) (indicating that Garza's Eighth Amendment claim was not forfeited by his failure to urge his claim in the trial court) and *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (stating that the failure to object that the sentence constitutes cruel and unusual punishment waives error), we nonetheless overrule it.

The Eighth Amendment of the United States Constitution prohibits excessive bail or fines as well as cruel and unusual punishment. *See* U.S. Const. Amend. VIII. The provision is applicable to the states through the Fourteenth Amendment; *Furman v. Georgia*, 408 U.S. 238, 239, 92 S.Ct. 2726, 2727, 33 L.Ed.2d 346 (1972); *Robinson v.*

4

*California*, 370 U.S. 660, 666-67, 82 S.Ct. 1417, 1420-21, 8 L.Ed.2d 758 (1962), and flows from the basic "'precept of justice that punishment for crime should be graduated and proportioned to the offense.'" *Atkins v. Virginia*, 536 U.S. 304, 311, 122 S.Ct. 2242, 2246, 153 L.Ed.2d 335 (2002), *quoting Weems v. United States*, 217 U.S. 349, 367, 30 S.Ct. 544, 549, 54 L.Ed. 793 (1910).

It is undisputed that the sentence imposed by the trial court was within the range of punishment authorized by the Legislature. Furthermore, Texas courts have traditionally held that punishment assessed within the range set by the Legislature is not excessive, cruel, or unusual. *E.g., Price v. State*, 35 S.W.3d 136, 144 (Tex. App.—Waco 2000, pet. ref'd); *Winchester v. State*, 246 S.W.3d 386, 388 (Tex. App.—Amarillo 2008, pet. ref'd); *Delacruz v. State,* 167 S.W.3d 904, 906 (Tex. App.—Texarkana 2005, no pet.). Nevertheless, appellant suggests that his claim of gross disproportionality is independent of that analysis and survives such proof. So too does he cite authority to support his proposition. *See e.g., Puga v. State*, 916 S.W.2d 547, 548 (Tex. App.—San Antonio 1996, no pet.) (stating that the Eighth Amendment encompasses a narrow proportionality principle and a state criminal sentence must be proportionate to the crime for which the defendant has been convicted); *see also Winchester v. State*, 246 S.W.3d at 388-89 (stating that Texas courts recognize that a prohibition against grossly disproportionate sentences survives under the federal constitution apart from any consideration whether the punishment assessed is within the statute's range). His authority further states the proportionality analysis is guided by objective criteria such as the gravity of the offense, the harshness of the penalty, the sentences imposed on other criminals in the same jurisdiction, and the sentences imposed for the commission of the same crime in other jurisdictions. *Puga v. State,* 916 S.W.2d at 548-49, *quoting Solem*

5

*v. Helm,* 463 U.S. 277, 290, 103 S.Ct. 3001, 3009, 77 L.Ed.2d 637 (1983); *see Winchester v. State*, 246 S.W.3d at 389 (stating that a court first compares the gravity of the offense to the severity of the sentence and only if the court infers the sentence is grossly disproportionate to the offense should the court then consider the remaining factors in the *Solem* test). With this in mind we turn to the record before us.

As previously mentioned, the sentence fell within the range of punishment mandated by statute; consequently, the people of Texas (as reflected through the vote of the Legislature) considered the punishment appropriate. Furthermore, appellant did not simply involve himself in simple negligence. Again, he does not deny intentionally, knowingly or recklessly causing serious bodily injury to those victimized by his driving. That he had ingested numerous alcoholic beverages before entering his car and that this was not the first time he engaged in driving after drinking alcoholic beverages is also illustrated by the record. Nor can we ignore the evidence of his driving in the wrong lane for almost half a minute; that hardly depicts a momentary lapse in judgment or attention. And, most importantly, while his victims could be heard moaning from their injuries, appellant just walked away. Finally, he cites us to no evidence describing the measure of punishment levied in like cases.

Simply because appellant may have qualified for probation and not previously been convicted of a felony does not mean the ten year sentence levied under the circumstances before us was grossly disproportionate or offensive to either the Texas or United States Constitution. To use the vernacular proffered by appellant, the "punishment fit both the crime and the offender," or so a rational fact finder concluded, and we cannot hold otherwise under the law or record.

Accordingly, we affirm the judgments of the trial court.

Brian Quinn
Chief Justice

Do not publish.