

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00306-CR

SPORT FOBBS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 46th District Court
Wilbarger County, Texas
Trial Court No. 12,753, Honorable Cornell Curtis, Presiding

April 30, 2024

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Sport Fobbs, appeals from his conviction and twenty-five-year sentence of confinement for aggravated assault with a deadly weapon, to-wit: a motor vehicle.[1] We affirm.

---

[1] *See* TEX. PENAL CODE ANN. § 22.02(a)(2).

## BACKGROUND

On August 16, 2021, schoolteacher Emily Duncan was driving to T.G. McCord Elementary School in Vernon when she saw a small SUV speeding toward her at an intersection. Anticipating that the SUV was not going to stop at the stop sign, Duncan sped up to avoid a collision. After narrowly missing Duncan, the driver of the SUV drove into the nearby parking lot of the Second Baptist Church and began "doing donuts." Duncan parked her car at the elementary school lot and saw the SUV return to the roadway. Within seconds, she heard a crash and saw debris approaching.

Christopher Lemmon had just dropped off his wife and daughter at McCord Elementary. He parked his car in the school parking lot and prepared to exit the vehicle when he saw a Honda SUV "flying" toward him. He heard a loud crash, his car's airbag deployed, and his vehicle spun around to face a different direction. Lemmon felt pain in his back, leg, and ankle. He was later transported to the hospital.

After the crash, Appellant exited the SUV. He appeared disoriented and did not follow the commands of officers who arrived on the scene. He was tased and then placed in handcuffs. Appellant was charged with and convicted by a jury of aggravated assault with a deadly weapon. At the outset of the punishment phase of trial, Appellant pleaded true to an enhancement allegation. The jury assessed punishment at twenty-five years' confinement.

## ANALYSIS

Appellant raises seven issues on appeal. We first address his third and fourth issues, which concern the sufficiency of the evidence. *See* TEX. R. APP. P. 43.3; *Bradley*

2

*Elec. v. Cigna Lloyds Ins. Co.*, 995 S.W.2d 675, 677 (Tex. 1999) (generally, when party presents multiple grounds for reversal, appellate court should first address points that would afford greatest relief). In those issues, Appellant claims that there was no evidence or insufficient evidence that he used the vehicle intending to cause an accident. In assessing the sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether, based on the evidence and reasonable inferences therefrom, a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017). When reviewing all the evidence under the *Jackson* standard of review, the ultimate question is whether the jury's finding of guilt was a rational finding. *See Brooks v. State*, 323 S.W.3d 893, 906–07 & n.26 (Tex. Crim. App. 2010).

Reviewing the record in a light favorable to the verdict, we conclude that the jury was justified in finding Appellant guilty of aggravated assault with a deadly weapon. *See id.* at 899. A deadly weapon is defined as "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." TEX. PENAL CODE ANN. § 1.07(a)(17)(B). Video footage of the accident shown at trial reveals that Appellant's vehicle did not slow down as he crossed a grassy area and entered the elementary school parking lot at a high rate of speed. Appellant then crashed into Lemmon's parked car, sending it into a spin. Lemmon testified that Appellant's vehicle came "flying" toward him. Duncan testified that Appellant disregarded a stop sign, narrowly avoided a collision with her, and began doing donuts in the church parking lot shortly before crashing into Lemmon. Based on the video and the witnesses' testimony, the record sufficiently

supports a finding that Appellant's car was a "deadly weapon" for purposes of the charged offense. The evidence at trial allowed for a finding that Appellant used his vehicle in such a manner that it was capable of causing serious bodily injury. *See Ex parte McKithan*, 838 S.W.2d 560, 561 (Tex. Crim. App. 1992) (en banc) (per curiam) (motor vehicle, in manner of use or intended use, "is clearly capable of causing death or serious bodily injury and therefore can be a deadly weapon"); *see also Walker v. State*, 897 S.W.2d 812, 813–14 (Tex. Crim. App. 1995) (en banc) (no proof of intent to use vehicle as deadly weapon is necessary). Therefore, we overrule Appellant's third and fourth issues.

In his first issue, Appellant contends that he requested the inclusion of a charge on the lesser-included offense of reckless aggravated assault and the trial court refused to include such charge. A person commits aggravated assault with a deadly weapon if he "intentionally, knowingly, *or recklessly*" causes bodily injury to another and uses or exhibits a deadly weapon during the commission of the offense. *See* TEX. PENAL CODE ANN. §§ 22.01(a)(1), 22.02(a)(2) (emphasis added). In this case, the indictment alleged that Appellant "intentionally, knowingly and recklessly" caused bodily injury to Lemmon using or exhibiting a deadly weapon, namely a motor vehicle. The jury charge correctly stated that the State had to prove that Appellant acted "intending to cause bodily injury; or knowing that he would cause bodily injury; or with recklessness about whether he would cause bodily injury." The charge included definitions for intentionally, knowingly, and recklessly causing bodily injury. Because the jury charge in this case did not exclude the culpable mental state of recklessness, we find no error. Accordingly, we overrule Appellant's first issue.

4

Appellant next argues that the trial court erred when it sustained the State's objection to Appellant's argument in closing that Appellant lacked the ability to form the requisite mental state at the time of the offense. During his closing argument, Appellant's counsel highlighted Appellant's mental state, arguing, "You saw him on that video. You saw him at the time of the accident. Was that person capable of forming an intent?" Counsel for the State objected to "any argument about [Appellant's] mental health and inability to form a mental state." The trial court sustained the objection but added, "It's permissible for you to talk to them about looking at his state and [whether he] doesn't meet the element of reckless."

We review a trial court's ruling on an objection to closing argument under the abuse of discretion standard. *In re Commitment of Hill*, 621 S.W.3d 336, 344 (Tex. App.—Dallas 2021, no pet.); *Sanchez v. Espinoza*, 60 S.W.3d 392, 395 (Tex. App.—Amarillo 2001, pet. denied). Here, the record does not bear out Appellant's claim that he was prohibited from challenging whether the State had proven that he had the requisite mental state at the time of the offense. The State's objection was directed at the argument that Appellant lacked the capacity to form the requisite *mens rea* due to a mental health issue.[2] In sustaining this objection, the trial court clearly explained that Appellant's counsel was not prohibited from arguing that the evidence did not show recklessness. Appellant was not prevented from making an argument to the jury that the evidence did not establish a

---

[2] "There is simply no defense recognized by Texas law stating that, due to the defendant's mental illness, he did not have the requisite *mens rea* at the time of the offense because he does not have the capacity, or is absolutely incapable of ever forming that frame of mind." *Jackson v. State*, 160 S.W.3d 568, 575 (Tex. Crim. App. 2005).

culpable mental state. Therefore, we cannot conclude that the trial court abused its discretion in sustaining the State's objection. Appellant's second issue is overruled.

In his fifth and sixth issues, Appellant maintains that the trial court erred when it admitted State's exhibits 18 through 21 and testimony relating thereto over Appellant's objection that such evidence was obtained through an unlawful warrantless search in violation of U.S. Constitution and Texas Constitution. We review the trial court's decision to admit evidence under an abuse of discretion standard. *Rhomer v. State*, 569 S.W.3d 664, 669 (Tex. Crim. App. 2019).

At trial, the State elicited testimony from a Vernon Police Department officer who testified that she conducted an inventory of the Honda SUV that Appellant had been driving. She further testified that the vehicle was not drivable and was not legally parked, so it had to be towed from the scene and impounded. The officer stated that police procedure required an inventory of everything located inside a vehicle being towed. Appellant's counsel objected to the admission of any evidence obtained as a result of the inventory because the officer did not have a warrant to search the vehicle. The trial court overruled the objection and admitted into evidence State's exhibits 18, 19, 20, and 21, which were items retrieved from the vehicle Appellant was driving. The evidence consisted of a container of Delta 8 gummies, a container labeled "THC" containing a leafy green substance identified as marijuana, bath salts, and drug paraphernalia including pipes, binders, baggies, and scales.

An inventory search of a vehicle subject to impounding does not run afoul of the Fourth Amendment but is a "well-defined exception to the warrant requirement" in that

6

"[t]he policies behind the warrant requirement are not implicated in an inventory search, nor is the related concept of probable cause . . . ." *Colorado v. Bertine*, 479 U.S. 367, 371, 107 S. Ct. 738, 93 L. Ed. 2d 739 (1987) (citations omitted). Inventory searches "serve to protect an owner's property while it is in the custody of the police, to insure against claims of lost, stolen, or vandalized property, and to guard the police from danger." *Id.* at 372. An inventory search is permissible under the United States Constitution if conducted pursuant to a lawful impoundment. *Benavides v. State*, 600 S.W.2d 809, 810 (Tex. Crim. App. 1980).

Because the challenged evidence was discovered when the officer conducted an inventory of Appellant's vehicle pursuant to a proper impoundment, the trial court did not abuse its discretion in admitting the exhibits into evidence. *See Jackson v. State*, 468 S.W.3d 189, 199 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (trial court did not err by denying motion to suppress evidence found during lawful inventory search). We overrule Appellant's fifth and sixth issues.

In his seventh issue, Appellant claims that the trial court erred when it denied his objection under Rule 403 to the admission of State's exhibits 18, 19, 20, and 21, arguing that the probative value of the evidence was outweighed by its unfair prejudice. Appellant contends that the evidence of "unsubstantiated drug trafficking" was intended to arouse and anger the jury.

Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or other considerations. TEX. R. EVID. 403. When analyzing evidence in light of a Rule

403 objection, the trial court must balance the following considerations: (1) the inherent probative force of the proffered evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006). Because the erroneous admission of evidence does not rise to the level of constitutional error, we look only to see if an appellant's substantial rights have been affected in determining whether an appellant has been harmed by such evidence. *See King v. State*, 953 S.W.2d 266, 271–73 (Tex. Crim. App. 1997). "If we have a fair assurance from an examination of the record as a whole that the error did not influence the jury, or had but a slight effect, we will not overturn the conviction." *Gonzalez v. State*, 544 S.W.3d 363, 373 (Tex. Crim. App. 2018).

Even if we assume, without deciding, that the challenged evidence was improperly admitted, our examination of the record in its entirety leads us to conclude that the alleged error did not affect Appellant's substantial rights. *See* TEX. R. APP. P. 44.2(b). "A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict." *Coble v. State*, 330 S.W.3d 253, 280 (Tex. Crim. App. 2010). Here, we first note that the State did not emphasize the drug-related evidence. The testimony concerning State's exhibits 18, 19, 20, and 21 was minimal, consisting of the officer's confirmation that she conducted the inventory and her

8

identification of the items found. Second, the record as a whole contains overwhelming evidence of Appellant's guilt. Two eyewitnesses testified about Appellant's dangerous driving right before and at the time of the accident. Surveillance videos from the elementary school showed Appellant's vehicle crashing into Lemmon's vehicle in the school parking lot and body-cam videos from responding officers showed Appellant at the scene.

Given the nature of the evidence of Appellant's guilt and the lack of emphasis on the challenged exhibits, we have fair assurance that the admission of this evidence did not affect Appellant's substantial rights. Therefore, we overrule Appellant's final issue.

## CONCLUSION

We have overruled each of Appellant's seven issues on appeal. Accordingly, the judgment of the trial court is affirmed.

Judy C. Parker
Justice

Do not publish.